JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant, Keith K. Kniesly, appeals the judgment of the Hamilton County Municipal Court convicting him of operating a vehicle under the influence of alcohol under R.C. 4511.19(A)(1). He was convicted after a bench trial.
At trial, the arresting officer testified that at approximately 4:00 a.m. on April 22, 2004, he had observed Kniesly driving eighty-five miles per hour in a zone marked fifty-five miles per hour. Kniesly was driving on a collector road, which the officer described as a road parallel to Interstate 75 allowing access to other roads and to a General Electric plant.
While the officer was pursuing Kniesly, he saw him leave his marked lane twice. Kniesly stopped, and as the officer approached the car, he detected a strong odor of alcohol. Kniesly's eyes were red and glassy, and his speech was slurred.
The officer asked Kniesly to get out of his car to perform field sobriety tests. As Kniesly walked to the back of the car, he touched the trunk to balance himself. He was unable to correctly recite the alphabet, omitting three letters and reciting others out of sequence. After the alphabet test, Kniesly refused further field tests and later refused to submit to a breath-alcohol test.
The trial court found Kniesly guilty of operating a vehicle under the influence of alcohol. In a single assignment of error, Kniesly now argues that the conviction was based on insufficient evidence and was against the manifest weight of the evidence.
In the review of the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[1] To reverse a conviction on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[2]
The version of R.C. 4511.19(A)(1) in effect at the time of the offense provided that "[n]o person shall operate any vehicle * * * if, at the time of the operation * * * [t]he person is under the influence of alcohol * * *. A person is "under the influence of alcohol" when his physical and mental ability to act and to react are altered from the normal as the result of consuming alcohol.[3]
In the case at bar, the conviction was in accordance with the evidence. The state presented evidence that Kniesly had driven erratically, that there was a strong odor of alcohol about his person, and that his appearance and speech indicated impairment. Further, Kniesly's inability to balance himself without aid or to correctly recite the alphabet further indicated that he was under the influence of alcohol. And while Kniesly argues that his appearance and behavior could have been the result of fatigue or nervousness, the trial court was not required to accept that explanation.
Kniesly further argues that the trial court erred in stating that it believed him to have had a prohibited breath-alcohol concentration on the morning in question. But because the court did not convict him of operating with a prohibited breath-alcohol concentration and because the evidence amply supported the conviction under R.C. 4511.19(A)(1), any error in that regard was harmless. The assignment of error is overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Doan, and Hendon, JJ.
[1] State v. Waddy (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819.
[2] State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52,678 N.E.2d 541.
[3] State v. Morgan (Feb. 24, 1982), 1st Dist. Nos. C-810307 and C-810308, citing, inter alia, State v. Hardy (1971), 28 Ohio St.2d 89,276 N.E.2d 247.